# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**16 MISC 237**

IN RE:

APPLICATION OF VIRGINIA IRABIEN
CALDERON FOR AN ORDER TO TAKE
DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Case No. _____



**MEMORANDUM OF LAW IN SUPPORT OF**
**VIRGINIA IRABIEN CALDERON'S PETITION FOR AN**
**ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

PECKAR & ABRAMSON, P.C.
41 Madison Avenue
20th Floor
New York, NY 10010
Tel: + 1 (212) 382-0909
Fax: + 1 (212) 382-3456

*Counsel for Virginia Irabien Calderon*

Virginia Irabien Calderon ("Ms. Calderon"), a citizen of Mexico, respectfully petitions this Court for an Order pursuant to 28 U.S.C. § 1782 ("Section 1782") authorizing her to take discovery from the following parties who "reside" or can be "found" within the Southern District of New York, for use in divorce proceedings in Mexico (the "Petition"). Specifically, Ms. Calderon seeks discovery of relevant, non-privileged information relating to financial accounts and assets in the United States of her spouse, Luis Alberto Harvey MacKissack, also known as Luis Harvey, Luis Alberto Harvey McKissack, and Luis Albert Harvey Mac Kissack ("Mr. Harvey"), which is in the possession, custody and control of the following entities and individuals in this judicial district: JPMorgan Chase & Co. ("JP Morgan"); JP Morgan Chase Bank, N.A. ("JPMCB"); J.P. Morgan Securities LLC ("JPMS"); JP Morgan Trust Company of Delaware ("JP Morgan Trust"); Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"); Amicorp Services Ltd. ("Amicorp"); Paul Hastings LLP ("PH"); Hinshaw and Culbertson LLP ("HC"); JPMCB employee Pablo Ogarrio; JPMS advisors Carlos Rodriguez Aspirichaga, Adriana Chavez de la Pena, Francisco D. Santos, Alfonso R. Vergara, and Nelson A. Armijos; former JPMS advisors Teresa Nunez Rodriguez and Alfredo Espinoza; former Merrill Lynch advisor Adriana Santoni; PH Partner Michael L. Fitzgerald, Esq.; and HC partner Fernando Garcia, Esq..

## I. PRELIMINARY STATEMENT

This Petition arises out of a divorce proceeding in Mexico captioned HARVEY MCKISSACK LUIS ALBERTO VS. VIRGINIA IRABIEN CALDERON, File number 1325/2015, in the Forty First Civil Court of the Supreme Tribunal of Mexico City (the "Mexico Litigation"). Please see the annexed Declaration of Ms. Calderon's divorce counsel in Mexico, Christian Friederich Zinser Cieslik ("Zinser Declaration"), at Exhibit 1. The divorce proceedings

were initiated by Mr. Harvey on July 7, 2015. Zinser Declaration ¶5. Both Ms. Calderon and Mr. Harvey are Mexican citizens. Zinser Declaration ¶9.

At issue in the Mexico Litigation is the equitable division of the marital assets between Ms. Calderon and Mr. Harvey under Mexican law. Zinser Declaration ¶6. Ms. Calderon seeks the discovery requested in this Petition because she believes such discovery will yield relevant information relating to financial accounts and assets belonging to Mr. Harvey in the United States. Despite Ms. Calderon's demands for production of this information in the Mexico Litigation, it has not been produced by Mr. Harvey. This information, therefore, is currently unknown to the Mexican Court, and is necessary for the Mexican Court to make a fair and equitable distribution of the marital assets between the spouses. Zinser Declaration ¶6-8.

The discovery requested by Ms. Calderon is an Order permitting the issuance of Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to JP Morgan; JPMCB; JPMS; JP Morgan Trust; Merrill Lynch; and Amicorp because there is evidence that suggests that there are documents, information and communications in the possession, custody and control of these entities that relate to financial accounts and assets in the United States formerly or currently owned or held directly or indirectly by or for the benefit of Mr. Harvey or a related entity, including but not limited to accounts and assets in his name, in the name of one of his aliases, or for which Mr. Harvey or one of his aliases is or was a signatory, which are relevant to the Mexico Litigation. Zinser Declaration ¶¶30-35, 40-47, 76-86 and 90-95. Ms. Calderon also seeks to serve Subpoenas to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action for relevant, non-privileged materials from the law firms of PH and HC because, upon information and belief, these firms represent or represented Mr. Harvey or a related entity, and

2

may have documents, information and communications in their possession, custody and control that relate to financial accounts and assets in the United States formerly or currently owned or held directly or indirectly by or for the benefit of Mr. Harvey or a related entity, including but not limited to accounts and assets in his name, in the name of one of his aliases, or for which Mr. Harvey or one of his aliases is or was a signatory, which are relevant to the Mexico Litigation. Zinser Declaration ¶¶96-99 and 104-108.

Ms. Calderon also seeks an Order permitting the issuance of Subpoenas to Testify at a Deposition in a Civil Action and Produce Documents from individuals who, upon information and belief, advise or advised Mr. Harvey, and have in their possession, custody and control documents, information and communications that relate to financial accounts and assets in the United States formerly or currently owned or held directly or indirectly by or for the benefit of Mr. Harvey or a related entity, including but not limited to accounts and assets in his name, in the name of one of his aliases, or for which Mr. Harvey or one of his aliases is or was a signatory, which are relevant to the Mexico Litigation. Zinser Declaration ¶28-29. Specifically, Ms. Calderon seeks to subpoena JPMCB employee Pablo Ogarrio; JPMS advisors Carlos Rodriguez Aspirichaga, Adriana Chavez de la Pena, Francisco D. Santos, Alfonso R. Vergara, and Nelson A. Armijos; former JPMS advisors Teresa Nunez Rodriguez and Alfredo Espinoza; and former Merrill Lynch advisor Adriana Santoni. Zinser Declaration ¶36-39, 48-75 and 87-89. She also seeks to depose attorneys who, upon information and belief, represent or represented Mr. Harvey, including PH Partner Michael L. Fitzgerald, Esq. and HC Partner Fernando Garcia, Esq., and have in their possession, custody and control non-privileged documents, information and communications that relate to financial accounts and assets in the United States formerly or currently owned or held directly or indirectly by or for the benefit of Mr. Harvey or a related

entity, including but not limited to accounts and assets in his name, in the name of one of his aliases, or for which Mr. Harvey or one of his aliases is or was a signatory, which are relevant to the Mexico Litigation. Zinser Declaration ¶¶100-103 and 109-119.

We respectfully submit that the discovery that Ms. Calderon seeks is precisely the type of discovery that Section 1782 permits, and the Court should grant Ms. Calderon's Section 1782 Petition because it meets the three statutory requirements of Section 1782. *First,* the parties from whom discovery is sought either "reside" or can be "found" within the Southern District of New York. *Second*, the financial discovery requested is "for use" in the Mexico Litigation to ensure the equitable distribution of all marital assets. *Third,* as a party to the Mexico Litigation, Ms. Calderon qualifies as an "interested person" under Section 1782.

Ms. Calderon's Petition should also be granted because the "discretionary factors" set forth by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) all weigh in favor of granting Ms. Calderon's Petition. *First,* the parties from whom discovery is sought are not participants in the Mexico Litigation so the Mexican Court cannot order them to participate in discovery. *Second,* Ms. Calderon is seeking only discovery that can be used in the Mexico Litigation, which is permissible discovery for this Court to grant under Section 1782. *Third,* the Mexico Litigation is a currently pending proceeding in a foreign or international tribunal under Section 1782. *Finally,* Ms. Calderon's discovery requests are not unduly intrusive or burdensome as they are records kept in the ordinary course of business, and upon information and belief, all of the parties from whom discovery is sought either "reside" or can be "found" in New York. Accordingly, Ms. Calderon respectfully requests that the Court grant her application.

## II. JURISDICTION AND VENUE

Jurisdiction and venue are proper pursuant to Section 1782 as this Petition is seeking discovery of information located within the Southern District of New York, from parties which "reside" or can be "found" within this district, which discovery is necessary to assist Petitioner in her foreign court proceeding in Mexico. At all times material herein, Petitioner is and was a foreign citizen.

## III. FACTUAL BACKGROUND

The facts giving rise to this Application are set forth in detail in Zinser Declaration as well as the exhibits attached thereto. For the sake of clarity, a brief background is provided here.

### A.    MS. CALDERON, MR. HARVEY AND THE MEXICO LITIGATION

Ms. Calderon and Mr. Harvey were married in Mexico on June 9, 2001. Ms. Calderon was 30 years old at the time of the marriage. Zinser Declaration ¶10. Ms. Calderon was employed prior to her marriage to Mr. Harvey, but ceased working at the time of their marriage to care for Mr. Harvey's three minor children from his prior marriage. Zinser Declaration ¶11. Additionally, during the course of the marriage, Ms. Calderon and Mr. Harvey had two children together, who are still minors and who are parties to the Mexico Litigation. Zinser Declaration ¶12. Ms. Calderon is the primary caretaker of those two minor children, one of whom has a serious medical condition requiring special care as well as ongoing medical treatment. Zinser Declaration ¶¶13 and 19. Additionally, Ms. Calderon provides financial support to her mother. Zinser Declaration ¶14. From the time of their marriage, Ms. Calderon has relied upon the financial support of Mr. Harvey. Zinser Declaration ¶15.

Mr. Harvey is a prominent international financial advisor affiliated with at least 24 entities in Mexico, the United States and Canada. Zinser Declaration ¶22. On July 7, 2015, Mr.

Harvey initiated divorce proceedings in the Forty First Family Court of the Supreme Tribunal of Mexico City. Zinser Declaration ¶5. The Mexican Court ordered Mr. Harvey, on an interim basis, to make certain alimony payments in order to support Ms. Calderon and the couple's minor daughters. Zinser Declaration ¶16. Mr. Harvey failed to make several of those payments, and also cancelled the joint credit cards he provided to his wife to cover monthly bills for the home in which Ms. Calderon and their daughters reside. Id. As a result, Ms. Calderon has not had enough money to support the monthly expenses for herself and the couple's daughters, and has been forced to contract loans from family members to sustain her family. Zinser Declaration ¶16 and 18. In total, Mr. Harvey owes Ms. Calderon approximately $300,000 to date. Zinser Declaration ¶16. Last month, Mr. Harvey's failure to make his Court-ordered alimony payments prompted the Mexican Court to order approximately $200,000 of Mr. Harvey's asserts to be frozen for the benefit and use of Ms. Calderon and the couple's daughters. Zinser Declaration ¶17.

## B.     THE PARTIES FROM WHOM DISCOVERY IS SOUGHT

### i. JP Morgan, JPMCB and JPMS and Mr. Harvey's Advisors

JP Morgan, JPMCB and JPMS are financial advisory and investment firms at which, upon information and belief, there are or were financial accounts in the United States formerly or currently owned or held directly or indirectly by or for the benefit of Mr. Harvey or a related entity, including but not limited to accounts and assets in his name, in the name of one of his aliases, or for which Mr. Harvey or one of his aliases is or was a signatory, which are relevant to the Mexico Litigation. Zinser Declaration ¶44. JP Morgan, JPMCB and JPMS are each registered with the New York Secretary of State to do business in New York, have various offices in New York and have a designated agent for service of process in New York. Zinser

Declaration ¶¶30-35 and 40-43.  Thus, JP Morgan, JPMCB and JPMS "reside" or can be "found" in this judicial district for purposes of this court exercising jurisdiction under Section 1782. Finally, JP Morgan, JPMCB and JPMS are not participants in the Mexico Litigation.  Zinser Declaration Ex. 1.

Pablo Ogarrio is a Vice President at JPMCB who, upon information and belief, provides or provided financial advisory services for Mr. Harvey.  Zinser Declaration ¶36-39.  Upon information and belief, Mr. Ogarrio's JPMCB office is located at 270 Park Avenue, Floor 30, New York, New York.  Zinser Declaration ¶37.  Upon information and belief, Mr. Ogarrio resides at 419 East 57th Street, Apt 6A, New York, New York, 10022.  Zinser Declaration ¶38. Thus, he "resides" or can be "found" in the judicial district for the purposes of Section 1782.  Mr. Ogarrio is not a participant in the Mexico Litigation.  Zinser Declaration Ex. 1.

Carlos Rodriguez Aspirichaga is a Managing Director and Senior Private Banker for the JP Morgan Private Bank who, upon information and belief, performs or performed financial advisory work for Mr. Harvey.  Zinser Declaration ¶48.  Mr. Rodriguez Aspirichaga's FINRA broker registration also lists him as being a New York registered broker for JPMS.  Zinser Declaration ¶49.  The "Main Office Address" on the FINRA broker registration for JPMS is listed as 383 Madison Avenue, New York, New York.  Zinser Declaration ¶50, Ex. 13.  Thus, Mr. Rodriguez Aspirichaga "resides" or can be "found" in the district. Mr. Rodriguez Aspirichaga is not a participant in the Mexico Litigation.  Zinser Declaration Ex. 1.

Adriana Chavez de la Pena (a.k.a. Adriana X. Chavez) is a New York State licensed broker who, upon information and belief, performs or performed financial advisory work for Mr. Harvey at JPMS in New York.  Zinser Declaration ¶52.  Ms. Chavez de la Pena's FINRA broker registration lists her as being employed by JPMS at 270 Park Avenue, New York, New York.

Zinser Declaration ¶53. Upon information and belief, Ms. Chavez de la Pena resides in New York at 425 5th Avenue, Apartment 55C, New York, New York. Zinser Declaration ¶54. Thus, she "resides" or can be "found" in this judicial district for the purposes of Section 1782. Ms. Chavez de la Pena is not a participant in the Mexico Litigation. Zinser Declaration Ex. 1.

Francisco D. Santos is a New York State licensed broker who, upon information and belief, performs or performed financial advisory work for Mr. Harvey at JPMS. Zinser Declaration ¶56. Mr. Santos' FINRA broker registration lists him as being employed by JPMS at an office located at 4 New York Plaza, Floor 20, New York, New York. Zinser Declaration ¶57. Thus, Mr. Santos "resides" or can be "found" in this judicial district for the purposes of Section 1782. Mr. Santos is not a participant in the Mexico Litigation. Zinser Declaration Ex. 1.

Alfonso R. Vergara is a New York State licensed broker who, upon information and belief, performs or performed financial advisory work for Mr. Harvey at JPMS. Zinser Declaration ¶59. Mr. Vergara's FINRA broker registration lists him as being employed by JPMS at an office located at 383 Madison Avenue, New York, New York. Zinser Declaration ¶60. Mr. Vergara also resides in New York at 13022 127th Street, South Ozone Park, New York. Zinser Declaration ¶61. Thus, he "resides" or can be "found" in this judicial district for the purposes of Section 1782. Mr. Vergara is not a participant in the Mexico Litigation. Zinser Declaration Ex. 1.

Nelson A. Armijos is a New York State licensed broker who, upon information and belief, performs or performed financial advisory work for Mr. Harvey at JPMS. Zinser Declaration ¶63. Mr. Armijos' FINRA broker registration lists him as being employed by JPMS at an office located at 320 Park Avenue, 14th Floor, New York, New York. Zinser Declaration ¶64. Mr. Armijos also resides in New York at 12510 Queens Boulevard, Apartment 511, Kew

Gardens, New York.  Zinser Declaration ¶65.  Thus, he "resides" or can be "found" in this judicial district for the purposes of Section 1782.  Mr. Armijos is not a participant in the Mexico Litigation.  Zinser Declaration Ex. 1.

Teresa Nunez Rodriguez is a New York State licensed broker who, upon information and belief, performs or performed financial advisory work for Mr. Harvey.  Zinser Declaration ¶67.  Ms. Rodriguez's FINRA broker registration lists her as being employed by JPMS until January 2015.  Zinser Declaration ¶68.  Although no longer at JPMS, Ms. Rodriguez's FINRA broker registration lists her current place of employment at an office located in New York, New York.  Zinser Declaration ¶69.  Thus, she "resides" or can be "found" in this judicial district for the purposes of Section 1782.  Ms. Rodriguez is not a participant in the Mexico Litigation.  Zinser Declaration Ex.1.

Alfredo Espinoza is a New York State licensed broker who, upon information and belief, performs or performed financial advisory work for Mr. Harvey.  Zinser Declaration ¶71.  Mr. Espinoza's broker registration lists him as being employed by JPMS until July 2014.  Zinser Declaration ¶72.  Although no longer at JPMS, Mr. Espinoza's broker registration lists his current place of employment at an office located in New York, New York.  Zinser Declaration ¶73.  Upon information and belief, Mr. Espinoza resides at 311 East 75th Street, Apartment 6F-E, New York, New York.  Zinser Declaration ¶74.  Thus, he "resides" or can be "found" in this district for the purposes of Section 1782.  Mr. Espinoza is not a participant in the Mexico Litigation. Zinser Declaration Ex. 1.

ii. JP Morgan Trust

The JP Morgan Trust Company of Delaware, a Delaware corporation, is a wholly owned subsidiary of JP Morgan, and part of the JP Morgan Private Bank in New York along with

JPMCB and JPMS.  Zinser Declaration ¶76.  As such, JP Morgan Trust "resides" or can be "found" in this judicial district for the purposes of Section 1782.  Upon information and belief, Mr. Harvey established at Trust known as "The LH Heritage Trust" for the benefit of Ms. Calderon in or about 2012, designating JP Morgan Trust as the Trustee.  Zinser Declaration ¶¶77-78.  Upon information and belief, assets in the United States owned or held directly or indirectly by or for the benefit of Mr. Harvey or a related entity, including but not limited to assets in his name, in the name of one of his aliases, or for which Mr. Harvey or one of his aliases is or was a signatory may have been transferred into this Trust, and are relevant to the Mexico Litigation.  Zinser Declaration ¶79.  Upon information and belief, although the Trust is "irrevocable," the recipients of the Trust as well as the allocation of trust funds can be easily altered by Mr. Harvey.  Zinser Declaration ¶80.  JP Morgan Trust is not a participant in the Mexico Litigation.  Zinser Declaration Ex.1.

iii. Merrill Lynch And Mr. Harvey's Advisor

Merrill Lynch is a financial advisory and investment firm at which, upon information and belief, there are or were financial accounts in the United States formerly or currently owned or held directly or indirectly by or for the benefit of Mr. Harvey or a related entity, including but not limited to accounts and assets in his name, in the name of one of his aliases, or for which Mr. Harvey or one of his aliases is or was a signatory (at least eight accounts), which are relevant to the Mexico Litigation.  Zinser Declaration ¶81 and 84.  Merrill Lynch is corporation registered to do business in New York and maintains offices at One Bryant Park, New York, New York. Zinser Declaration ¶¶81-83.  Merrill Lynch has a designated agent for service of process in New York.  Zinser Declaration ¶82.  Thus, Merrill Lynch resides or is found in this judicial district for

purposes of Section 1782.  Merrill Lynch is not a participant in the Mexico Litigation.  Zinser Declaration Ex.1.

Adriana T. Santoni is a New York State licensed broker who, upon information and belief, performs or performed financial advisory work for Mr. Harvey at Merrill Lynch.  Zinser Declaration ¶87.  Although Ms. Santoni's FINRA broker registration lists her office as being in Texas, she is licensed in New York and Merrill Lynch has offices in New York, and may transact sufficient business in New York such that she can be "found" judicial district for the purposes of Section 1782.  Zinser Declaration ¶88.  Ms. Santoni is not a participant in the Mexico Litigation.  Zinser Declaration Ex.1.

iv. Amicorp

Amicorp is a financial advisory and investment firm at which, upon information and belief, there are or were financial accounts in the United States formerly or currently owned or held directly or indirectly by or for the benefit of Mr. Harvey or a related entity, including but not limited to accounts and assets in his name, in the name of one of his aliases, or for which Mr. Harvey or one of his aliases is or was a signatory (at least two accounts), which are relevant to the Mexico Litigation.  Zinser Declaration ¶94.  Amicorp is registered to do business in New York.  Zinser Declaration ¶¶90-91.  Amicorp maintains a principal executive office (and accepts service of process) at 315 Madison Avenue, Suite 4018, New York, New York.  Zinser Declaration ¶92.  Thus, Amicorp "resides" or can be "found" in this judicial district for purposes of Section 1782.  Amicorp is not a participant in the Mexico Litigation.  Ex. 1.

v. PH Firm and Partner Michael L. Fitzgerald, Esq.

Paul Hastings LLP ("PH") is a law firm that, upon information and belief, represents or represented Mr. Harvey, and has non-privileged information regarding financial accounts and

assets in the United States formerly or currently owned or held directly or indirectly by or for the benefit of Mr. Harvey or a related entity, including but not limited to accounts and assets in his name, in the name of one of his aliases, or for which Mr. Harvey or one of his aliases is or was a signatory, which are relevant to the Mexico Litigation. Zinser Declaration ¶96. PH is a Delaware Limited Liability Partnership registered to do business in New York, and its Principal Executive Offices are located at 200 Park Avenue, New York, New York 10166. Zinser Declaration ¶¶97-98. Thus, PH "resides" or can be "found" in this judicial district for purposes of Section 1782. PH is not a participant in the Mexico Litigation. Zinser Declaration Ex.1.

Michael L. Fitzgerald, Esq. is an attorney licensed in New York State who, upon information and belief, represents or represented Mr. Harvey, and has non-privileged information regarding financial accounts and assets in the United States formerly or currently owned or held directly or indirectly by or for the benefit of Mr. Harvey or a related entity, including but not limited to accounts and assets in his name, in the name of one of his aliases, or for which Mr. Harvey or one of his aliases is or was a signatory, which are relevant to the Mexico Litigation. Zinser Declaration ¶100 and 102. According to the PH website, Mr. Fitzgerald is the head of the firm's Latin America division and practice focuses on Corporate Law and International Finance. Zinser Declaration ¶101. Mr. Fitzgerald is also a partner in the New York office of PH. Id. Thus, Mr. Fitzgerald "resides" or can be "found" in this judicial district for purposes of Section 1782. Mr. Fitzgerald is not a party to the Mexico Litigation. Zinser Declaration Ex.1.

vi. Hinshaw and Culbertson, LLP and Partner Fernando Garcia, Esq.

Upon information and belief, HC and partner Fernando Garcia, Esq. represents or represented Mr. Harvey and at least two entities in which he has an interest: Harvey Coral Gables LLC and Harvey Coral Gables Slip, LLC (the "Harvey Coral Entitles"). Zinser

Declaration ¶¶104-119.  HC and Mr. Garcia, upon information and belief, have non-privileged information regarding financial accounts and assets in the United States formerly or currently owned or held directly or indirectly by or for the benefit of Mr. Harvey or a related entity, including but not limited to accounts and assets in his name, in the name of one of his aliases, or for which Mr. Harvey or one of his aliases is or was a signatory, which are relevant to the Mexico Litigation. Zinser Declaration ¶¶104, 110.

HC is registered to do business in New York and has offices in New York.  Zinser Declaration ¶¶105-107.  Thus, HC "resides" or may be "found" in this judicial district for purposes of Section 1782.  Mr. Garcia may also "reside" or be "found" in this district based on his partnership at HC and the degree to which he transacts business in the district.  HC and Garcia are not participants in the Mexico Litigation.  Zinser Declaration Ex.1.

## IV. ARGUMENT

We respectfully request the Court issue an order granting Ms. Calderon's application for discovery because Ms. Calderon meets the statutory prerequisites for relief under Section 1782 and because the factors to be weighed by the Court in exercising its discretion under Section 1782 favor granting Ms. Calderon's application.

**A.    MS. CALDERON'S APPLICATION SATISFIES THE THREE STATUTORY REQUIREMENTS OF SECTION 1782**

Section 1782 authorizes federal district courts to assist "interested persons", such as foreign litigants like Ms. Calderon, in obtaining evidence in the United States for use in foreign legal proceedings.  The district court in the district in which a person "resides" or is "found" may order the person to give testimony or produce documents.  Section 1782 states in relevant part:

> The district court of the district in which a person resides or is found may order
> him to give his testimony or statement or to produce a document or other thing for
> use in a proceeding in a foreign or international tribunal . . . The order may be

made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

The goals of the statute are to provide equitable and efficient discovery procedures in the district courts for the benefit of tribunals and litigants involved in litigation with international aspects, and to encourage foreign countries by example to provide similar means of assistance to United States courts. *See* S. Rep. No. 88-1580 (1964), reprinted in 1964 U.S.C. 3782, 3782; *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir.), *cert. denied*, 506 U.S. 861 (1992). As the Second Circuit has recognized, the statute has broad applicability. *See Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012).

To obtain discovery under Section 1782, an application must satisfy three statutory requirements: (1) the person from whom discovery is sought must "reside" or be "found" within the district; (2) the discovery must be for use in a proceeding before a foreign or international tribunal; and (3) the application must be made by an interested person. 28 U.S.C. § 1782(a); *see also Brandi-Dohrn*, 673 F.3d at 80; *In re Application of Grupo Qumma*, No. M 8-85, 2005 WL 937486, at *1 (S.D.N.Y. 2005). Ms. Calderon's application meets all three statutory requirements.

*First*, the parties from whom discovery is sought, for the reasons described above and in the accompanying Zinser Declaration, "reside" or can be "found" within the Southern District of New York. A company is found where it is incorporated, headquartered or where it is engaged in "systematic and continuous activities." *In re Godfrey*, 526 F. Supp. 2d 417, 422 (S.D.N.Y. 2007) (citation omitted). Ms. Calderon seeks the production of documents by JPMorgan; JPMCB; JPMS; JP Morgan Trust; Merrill Lynch; Amicorp; PH; and HC.

All of these financial institutions and law firms are either registered to do business in New York, regularly transact business in New York, and/or have office locations in New York. Zinser Declaration ¶¶ 30-33, 40-43, 76, 81-83, 91-92, 97-98 and 105-107. These facts are sufficient to form a basis for jurisdiction. *See In re Edelman*, 295 F.3d 171, 179-80 (2d Cir. 2002) (respondent is "found" if physically present in the district); *see also In re Oxus Gold PLC*, 2006 WL 2927615, at *5 (D.N.J. Oct. 11, 2006) (a business will likely be "found" in a district if it would be subject to personal jurisdiction in that district by virtue of its systematic and continuous activities there, even if the corporation's place of incorporation or headquarters is outside the district.) Each of these entities also maintains the records requested in the ordinary course of business.

As for the deposition subpoenas requested to be served on the above-referenced individuals, all of the JP Morgan employees either "reside" or can be "found" in New York. Zinser Declaration at ¶ 36-38, 48-50, 52-54, 56-57, 59-61, 63-65, 67-69 and 71-74. Many are licensed brokers in New York and currently registered as employed by firms with New York addresses. Zinser Declaration at ¶¶ 36-38, 48-50, 52-54, 56-57, 59-61, 63-65, 67-69 and 71-74. Several, upon information and belief, also live in New York. The former Merrill Lynch broker, although Texas-based, may be able to be "found" in New York as she is licensed in New York, Merrill Lynch is a New York based firm, and she may transact sufficient business in New York. Zinser Declaration at ¶¶ 81-83 and 87-88. PH partner Michael Fitzgerald is a New York licensed attorney who works out of PH's New York office. Zinser Declaration at ¶¶ 100-101. As for HC partner Fernando Garcia, as a partner at a law firm with offices in New York, Mr. Garcia may transact sufficient business in New York such that he may be "found" within the jurisdiction for the purposes of Section 1782. Zinser Declaration at ¶¶ 105-107 and 109.

*Second*, the financial discovery Ms. Calderon seeks is most certainly "for use" in the Mexico Litigation. Section 1728's "for use" requirement imposes a *de minimis* burden on the applicant to show that the requested discovery has "some relevance" to the foreign proceeding. *In re Application Pursuant to 28 U.S.C. Section 1782 for an Order Permitting Christen Sveaas to Take Discovery from Dominique Levy, L&M Galleries*, 249 F.R.D. 96, 107 (S.D.N.Y. 2008) (the standard for relevance is broadly permissive); *In re Veiga*, 746 F. Supp.2d 8, 18 (D.D.C. 2010) ("the burden imposed upon an applicant is *de minimis*"). Relevance is "broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Application of Sveaas*, 249 F.R.D. at 106-07 (internal quotations omitted). "Where relevance is in doubt, the district court should be permissive." *Id.* at 107 citing *In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 301 (S.D.N.Y. 2003). Whether the evidence would actually, or even probably, be discoverable or admissible in the foreign proceeding is not a consideration. *Brandi-Dohrn*, 673 F.3d at 82.

Here, the requested discovery is highly relevant to the Mexico Litigation. At the heart of this Mexico Litigation is the equitable accounting and distribution of the couple's martial assets. The evidence gathered and presented in this Petition indicates that Mr. Harvey has financial accounts and other assets in the United States, which Mr. Harvey has not disclosed in the Mexico Litigation despite demands for same by Ms. Calderon. Granting this application will enable Ms. Calderon to ensure an equitable distribution of the martial assets to herself and her daughters by ensuring all of the relevant assets are known and being considered by the Mexican Court in the Mexico Litigation.

*Third*, Ms. Calderon qualifies as an "interested person" under Section 1782, as Ms. Calderon is a party to the Mexico Litigation. *In re Application of David Esses for Assistance*

*Before a Foreign Tribunal*, 101 F.3d 873, 875 (2d Cir. 1996) (a party to the underlying foreign proceedings is an interested person under Section 1728).

Thus, Ms. Calderon meets the statutory prerequisites for relief under Section 1782.

**B.      THE *INTEL* FACTORS WEIGH IN FAVOR OF THE COURT EXERCISING ITS DISCRETION AND GRANTING MS. CALDERON'S 1782 APPLICATION**

Where, as here, the Section 1782 statutory requirements are met, the next question is whether the district court should exercise its discretion to grant the application.  *See Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004).  The Supreme Court in *Intel* provided the district courts with four discretionary factors for the district courts to consider when deciding to exercise discretion: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the application conceals an attempt to circumvent foreign proof gathering restrictions or other policies; and (4) whether the discovery sought is unduly intrusive or burdensome.  *Intel*, 542 U.S. at 264-65.

Additionally, in *In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 101 (2d Cir. 1992), *cert. denied*, 506 U.S. 861 (1992), the Second Circuit emphasized that the district court should consider whether the goals of Section 1782 will be met by granting the petition.  The goals include the "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign courts by example to provide similar means of assistance to our courts."  *Malev*, 964 F.2d at 100.

In this case, all four *Intel* factors weigh in favor of the district court exercising its discretion and granting Ms. Calderon's discovery requests, and the goals articulated in the *Malev* case will also be served.

i. None of the Parties from Whom Discovery is Sought are Participants in the Mexico Litigation

Under *Intel*, the first factor favors the applicantion where the respondent is not a participant in the foreign proceeding. *See Intel*, 542 U.S. at 264. In this case, none of the parties from whom Ms. Calderon seeks discovery are participants in the Mexico Litigation. Zinser Declaration at ¶¶ 34, 39, 45, 47, 51, 55, 58, 62, 66, 70, 75, 80, 86, 89, 95, 99, 103, 108 and 119. Ex. 1. The Mexican Court cannot reach these parties without the aid of this Court. Therefore, this factor favors granting Ms. Calderon's application.

ii. The Mexican Court Would Be Receptive to the Requested Discovery

The Second Circuit has made clear that, in examining the second *Intel* factor, "a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782." *In re Euromepa S.A.*, 51 F.3d 1095, 1100 (2d Cir. 1995). Authoritative proof is proof "embodied in a forum country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures…" *Id.* The Southern District of New York previously has granted Section 1782 applications for discovery to be used in litigation in Mexico. *In re Application of Grupo Qumma, S.A. de C.V.*, Case No. M 8-85, 2005 WL 937486 (S.D.N.Y. Apr. 22, 2005). Other district courts also have granted Section 1782 applications for use in Mexican court actions. *In re Request for Int'l Judicial Assistance from the Sixteenth Family Ct. of the Supreme Ct. of Justice of the Fed. Dist. In the Matter of Denise Eugenia Dresser Guerra*, Case No. 14-mc-80083-JST, 2014 WL 1202545 (Mar. 19, 2014). Therefore, this factor also weighs in favor of granting the application.

iii. Ms. Calderon Is Not Circumventing Any Proof-Gathering Restrictions

Courts typically weigh the third *Intel* factor against the applicant only where the court finds that an application is brought in bad faith. *See In re Application of Hill*, No. M19-117 (RJH), 2007 WL 1226141, *3 (S.D.N.Y. Apr. 23, 2007); *In re Gemeinshcaftspraxis Dr. Med. Schottdorf*, No. M19-88 (BSJ), 2006 WL 3844464, *7 (S.D.N.Y. Dec. 29, 2006). In this case, Ms. Calderon is seeking discovery in good faith, based on evidence that shows that Mr. Harvey has financial accounts and assets in the United States that are relevant to the Mexico Litigaiton. Zinser Declaration ¶¶ 24-29, 35, 44, 46, 84, 94, 102, 104, 110-118 and 120-123, Ex. 1, 3, 7, 11, 12, 27, 28, 31, 38-43 and 45-48. Some of those assets are, upon information and belief, in accounts at the above-referenced financial institutions Ms. Calderon seeks to subpoena. Zinser Declaration ¶¶ 35, 44, 46, 84 and 94, Ex. 7, 11, 12, 27, 28 and 31. Other accounts or assets may be known to the financial advisors/brokers/law firms and attorneys Ms. Calderon seeks to subpoena. Therefore, this factor weighs in favor of granting the application.

iv. <u>Ms. Calderon's Discovery Requests Are Not Burdensome or Duplicative</u>

The fourth *Intel* factor favors the applicant as long as the requests for discovery are not overly burdensome or duplicative. *See In re Application of David Esses*, 101 F.3d at 876 (affirming discovery where there was no indication that the district court's order is overly burdensome or duplicative); *Minatec Fin. S.A.R.L. v. SI Grp. Inc.*, No. 1:08-cv-269 (LEK/RFT), 2008 WL 3884374, *8 (N.D.N.Y. Aug. 18, 2008) (no undue burden where the document request was specifically and narrowly tailored).

Ms. Calderon is seeking information regarding Mr. Harvey's assets in the United States that she cannot get anywhere else. She requested it from Mr. Harvey in the Mexico Litigation, but it was not produced. The information being sought in this petition is located within and, upon information and belief, is in the possession of the financial institutions, advisers, law firms

and lawyers "residing" or "found" in this judicial district. Zinser Declaration at ¶¶ 4 and 7. The information is being appropriately sought, should be kept in the ordinary course of business, and should not be difficult to produce. Courts previously have granted Section 1782 applications for discovery requests on financial institutions for use in foreign divorce proceedings. *See Lopes v. Lopes*, 180 Fed. Appx. 847 (11th Cir. 2006) (district court properly exercised its discretion in granting wife's request for discovery regarding bank account information for accounts in the name of husband or accounts for which the husband was a signatory for use by the wife in a divorce proceeding in Brazil); *accord In re Gushlak*, 2012 WL 2564466 (E.D.N.Y, 2012) *affirmed Gushlak v. Gushlak*, 486 Fed. Appx. 215, 216 (2d Cir 2012). Therefore, this factor weighs also in favor of granting the application.

## CONCLUSION

Based on the foregoing, Ms. Calderon respectfully moves the Court to issue an order approving Ms. Calderon's application for discovery under Section 1782 and granting issuance of the subpoenas attached hereto.

Dated: June 21, 2016

Respectfully submitted,

Doris D. Short, Esq. (DS-0505)
Peckar & Abramson, P.C.
41 Madison Avenue, 20th Floor
New York, NY  10010
Tel: + 1 (212) 382-0909
Email: dshort@pecklaw.com
*Counsel for Virginia Irabien Calderon*